# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

**JARROD WILSON (#500125)**                 **CIVIL ACTION NO. 5:17-CV-844-P**

**VERSUS**                                  **JUDGE S. MAURICE HICKS, JR.**

**JERRY GOODWIN, ET AL.**                   **MAG. JUDGE KAREN L. HAYES**

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Jarrod Wilson (#500125). Plaintiff was granted leave to proceed *in forma pauperis*. (Doc. 4). Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at David Wade Correctional Center ("DWCC") in Homer, Louisiana. He complains that he could have been injured due to the actions of Captain Terrance Haulcy.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## Factual Allegations

According to the complaint and exhibits, Plaintiff was placed in his cell while handcuffed, along with his cell-mate. (Doc. 1, p. 3). Cpt. Haulcy removed the handcuffs from Plaintiff's cell-mate, but walked away without removing Plaintiff's handcuffs. (Doc. 1, p. 3). After approximately five minutes, another officer removed the handcuffs. (Doc. 1, pp. 3, 9).

Plaintiff complains that he could have been injured had his cell-mate attacked him while handcuffed. However, Plaintiff was not attacked, and suffered no harm.

## Law and Analysis

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject

to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because Plaintiff is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for sua sponte dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard that Rule 8 announces does not require "detailed factual allegations," but demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Nor does a complaint suffice if it tenders "naked assertion[s] devoid of "further factual enhancement." Id. (citing Twombly, 550 U.S. at 557).

Title 42 U.S.C. § 1997e provides that prisoners are barred from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." Crawford-el v. Britton, 523 U.S. 574, 596 (1998).  The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant.  Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999) (citing Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997).

Plaintiff is not entitled to money damages, as a matter of law, because he has failed to allege any physical injury.  As a result of failing to allege a physical injury, and pursuant to § 1997e(e) and Fifth Circuit precedent, Plaintiff is likewise not entitled to money damages for any mental and

emotional stress. See e.g., Herman v. Holiday, 238 F.3d 660, 666 (5th Cir. 2001).

Additionally, Plaintiff has not alleged the violation of a constitutional right.  Prison officials have a duty, under the Eighth Amendment, to protect prisoners from violence at the hands of other prisoners. See Farmer v. Brennan, 511 U.S. 825, 833 (1994).  However, Defendants did not fail to protect Plaintiff from violence by any other inmate. Plaintiff suffered no harm and was subjected to no violence.

Additionally, Plaintiff has not alleged he was denied the minimum civilized measure of life's necessities. Cpt. Haulcy neglected to removed Plaintiff's handcuffs, but Plaintiff has provided no allegations indicating that Cpt. Haulcy acted with a sufficiently culpable state of mind.  See Farmer, 511 U.S. at 834.

To the extent Plaintiff alleges Cpt. Haulcy was negligent, Plaintiff cannot state a claim under § 1983.  See Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990).

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's § 1983 complaint be DENIED and DISMISSED with prejudice under § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

Thus done and signed in Chambers, Monroe, Louisiana, this 11th day of July, 2017.

Karen L. Hayes
United States Magistrate Judge

4